IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT KIRBY PATTERSON,<br><br>    Petitioner,<br><br>v.<br><br>ROLLIN COOK et al.,<br><br>    Respondents. | **MEMORANDUM DECISION<br>& ORDER TO AMEND<br>DEFICIENT AMENDED PETITION**<br><br><br>Case No. 2:14-CV-592-DN<br><br>District Judge David Nuffer |

  Petitioner, Scott Kirby Patterson, an inmate at Utah State Prison, filed an amended *pro se* habeas corpus petition.[1] Reviewing the Amended Petition, the Court concludes that the Amended Petition is deficient as described below. *See id.* Petitioner must cure these deficiencies if he wishes to pursue his claims.

### Deficiencies in Amended Petition:

Amended Petition:

(a) does not contain Petitioner's arguments and analysis but refers the Court to his attached memorandum, whereas the arguments should be contained in the Amended Petition itself and incorporate into the analysis the federal standard of review.

(b) is not signed by Petitioner.

(c) has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution--e.g., by contract attorneys.[2]

---

[1] *See* 28 U.S.C.S. § 2254 (2014).

[2] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**Instructions to Petitioner**

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[3]  The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest."[4]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[5]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[6]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded."[7]

Petitioner should consider the following points before refiling his petition.  First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference,

---

[3] Fed. R. Civ. P. 8(a).

[4] *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[6] *Id.* at 1110.

[7] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

any portion of the original petition or any other documents previously filed by Petitioner.[8] Second, the petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent.[9]  Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas corpus petition.  Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241.  Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

## MOTION FOR APPOINTED COUNSEL

The Court now evaluates Petitioner's motion for appointed counsel.  The Court initially notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case.[10]  Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel.[11]  However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition.[12]

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time.  First, it is yet unclear that Petitioner has asserted any

---

[8] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original).

[9] *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

[10] *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998).

[11] *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts.

[12] *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2014).

colorable claims.[13]  Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[14]  Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance."[15]  The Court thus denies for now Petitioner's motion for appointed counsel.

## O R D E R

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed herein, this action will be dismissed without further notice.

---

[13] *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

[14] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

[15] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

(4) Petitioner's motion for appointed counsel is DENIED.[16] However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

DATED this 5th day of March, 2015.

BY THE COURT:

CHIEF JUDGE DAVID NUFFER
United States District Court

---

[16](*See* Docket Entry # 3.)