IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT KIRBY PATTERSON,<br><br>                      Petitioner,<br><br>v.<br><br>SCOTT CROWTHER,<br><br>                      Respondent. | **MEMORANDUM DECISION & ORDER GRANTING *RHINES* STAY**<br><br>Case No. 2:14-CV-592-DN<br><br>District Judge David Nuffer |

On November 2, 2016, with the help of appointed counsel, Petitioner filed a Third Amended Petition under 28 U.S.C.S. § 2254 (2018). (Docket No. 47.) Petitioner raises claims of ineffective assistance of counsel and prosecutorial misconduct.

Noting the petition contains exhausted and unexhausted claims, Respondent moved the Court to dismiss the petition while Petitioner pursues state post-conviction relief on the unexhausted claims. (Docket No. 49.) Respondent opposes dismissal, arguing instead for a *Rhines* stay. (Docket No. 52.)

The Court denies dismissal and grants a *Rhines* stay.

## PROCEDURAL HISTORY

- March 18, 2010    Petitioner sentenced in Utah state court.

- January 10, 2013    Utah Court of Appeals affirmed conviction. *State v. Patterson*, 2013 UT App 11, 294 P.3d 662.

- May 16, 2013    Utah Supreme Court denied certiorari review. *State v. Patterson*, 304 P.3d 469 (Utah 2013) (table).

- August 14, 2014    Federal habeas petition filed and pending here (brought *pro se*)

- October 22, 2015   This Court appoints *pro bono* counsel for Petitioner. ([Docket No. 23](#).)

- October 28, 2016   State post-conviction petition filed and pending.

- November 2, 2016   Third Amended Petition filed in this Court. ([Docket No. 47](#).)

## LEGAL STANDARDS

A federal habeas petition "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.S. § 2254(b)(1)(A) (2018); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982) (requiring total exhaustion). Moreover, an inmate must present claims in federal court within a one-year period of limitation. 28 U.S.C.S. § 2244(d)(1) (2018).

The Supreme Court recognized in *Rhines v. Weber*, 544 U.S. 269 (2005), that rigid enforcement of both the exhaustion and timeliness criteria may sometimes result in a state prisoner losing any chance for federal habeas review. *Id*. at 275. To resolve this issue, *Rhines* lets district courts apply a "stay and abeyance" process "in limited circumstances" to stay the federal action and hold a habeas petition in abeyance "while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id*. at 275, 277. However,

> [b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was [1] good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay [2] when his unexhausted claims are plainly meritless.

*Id*. at 277. A third prerequisite in determining whether the stay-and-abey process is appropriate is "lack of indication that petitioner intentionally participated in dilatory litigation tactics."

2

*Fairchild v. Workman*, 579 F.3d 1134, 1153 (10th Cir. 2009) (quoting *Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007) (citing *Rhines*, 544 U.S. at 278)).

Section 2244(d)(1)'s period of limitation retains importance. *Rhines*, 544 U.S. at 278 ("Even when stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by . . . timeliness concerns . . . ."). Without a stay, the inmate must bring his claims within the one-year period of limitation. *See* 28 U.S.C.S. § 2244(d)(1) (2018).

"Petitioner, as movant, has the burden to show he is entitled to a stay under the *Rhines* factors." *Carter v. Friel*, 415 F. Supp. 2d 1314, 1317 (D. Utah 2006). This Court has "the prerogative to decide whether a stay is warranted given the specific circumstances of [this] case." *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (citing *Rhines*, 544 U.S. at 276 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."))).

## ANALYSIS

### 1. Good Cause

Petitioner suggests two factors that militate in favor of good cause. (1) He points out that he will have no time left to pursue federal habeas relief on his claims here if a stay is not issued. And (2) he suggests that he was reasonably confused by how to proceed *pro se* once his state direct appeal ended.

First, "a significant factor in determining whether a *Rhines* stay is appropriate" is if "the petitioner ha[s] a brief amount of time remaining on his federal statute of limitations clock." *Id.* at 1180; *see also id.* at 1179 (instructing district court "to consider, among other things, the

amount of time available to a petitioner to file a § 2254 petition after exhausting state court remedies when evaluating whether a petitioner has met the good cause standard") (citing *Heleva v. Brooks*, 581 F.3d 187, 192-93 (3d Cir. 2009)). Here, Petitioner appears to have the very briefest of time remaining on his clock—zero days.

After Petitioner's certiorari petition to the Utah Supreme Court was denied on May 16, 2013, he had ninety days to seek certiorari review in the United States Supreme Court. *See* Sup. Ct. R. 13 ("[A] petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by the state court of last resort . . . is timely when it is filed . . . within 90 days after the entry of the judgment."). And, because Petitioner did not file a certiorari petition to the Supreme Court "the one-year period of limitation started to run ninety days after . . . his state court review was thus completed." *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000). The ninety days was up on August 14, 2013. That is when the federal habeas clock began running; it was set to expire on August 14, 2014, the day Petitioner filed this action.

Thus, Petitioner has no chance to return to state court to exhaust his claims and then refile his federal petition before the end of the period of limitation. *See Doe*, 762 F.3d at 1178 (citing *Rhines*, 544 U.S. 275). In this case, "'the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions.'" *Id.* (citing *Rhines*, 544 U.S. at 278).

Second, Petitioner suggests that he was reasonably confused by how to proceed *pro se* once his state direct appeal ended. He argues this is primarily because of his reliance on the information contained in a letter from counsel who helped him in his direct appeal from his state criminal conviction. (Ed Wall Letter, [Docket No. 47-12](Docket No. 47-12).) Counsel wrote the letter after the Utah

4

Supreme Court denied Petitioner's petition for writ of certiorari. (*Id*. at 1.) In the letter, counsel sets forth to Petitioner options and differing procedures for seeking post-conviction relief in the federal system and the state system. He explains the concept of exhaustion of state-court remedies and states, "You have now exhausted your state court remedies." (*Id*. at 2.) Near the end of the letter, counsel sums up his advice as follows: "I adamantly urge you to seek relief at the very least through a federal habeas petition." (*Id*. at 7.)

As the Court understands it, the upshot of this advice in Petitioner's mind is essentially this: In Petitioner's direct appeal, his first stop was the Utah Court of Appeals. There, with counsel's help, he brought a whole slate of claims (the same ones he brought in his original petition here), which were denied as his conviction was affirmed. His certiorari petition to the Utah Supreme Court, though, winnowed out but one claim regarding clergy-penitent privilege. That was apparently the one claim that counsel had determined perhaps had enough merit to pursue to the Utah Supreme Court. That one claim was exhausted then and so, yes, it was true that Petitioner had exhausted his state-court remedies, at least the way an attorney would understand exhaustion. But, he asserts, in his layman's comprehension, he took counsel's arguably broad statement ("You have now exhausted your state court remedies.") at what could be considered face value: You have already fully pursued your issues in state court and there is no reason to spend further time arguing any issues at the state-court level. This is bolstered by counsel's discussion in the letter of what Petitioner should do and expect if he were to return to the state-court system with a post-conviction petition. Counsel does not specify anywhere in the letter that Petitioner may have a path to pursue other claims in state court, what those claims

5

might be, and that those other claims would have to be passed upon in state court for them to be eligible for federal habeas review. (*Id*. at 5-6.)

So does this scenario constitute "good cause"? The good-cause standard has been fleshed out over time, and a recent case in this court concluded that "the present state of the law is that in this district the predominant trend is to follow the *Blake* good cause standard." *Kell v. Crowther*, 2018 U.S. Dist. LEXIS 21991, at *6-7 (D. Utah Feb. 8, 2018) (citing *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014)).

*Blake* explains:

> The good cause element is the equitable component of the *Rhines* test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence, to justify that failure. *See Pace*, 544 U.S. at 416 ("A petitioner's *reasonable* confusion . . . will ordinarily constitute 'good cause' [under *Rhines*] . . . ." (emphasis added)). An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust. In *Wooten*, for example, the petitioner's excuse that he was "under the impression" that his claim was exhausted was not a reasonable excuse because no evidence indicated that the petitioner's ignorance was justified.
>
> While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.

*Blake*, 745 F.3d at 982 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines*, 544 U.S. at 269; *Wooten v. Kirkland*, 540 F.3d 1019, 1024 n.2 (9th Cir. 2008)).

The Court determines that Petitioner may reasonably have been confused by the language used by counsel in describing his state-court remedies as exhausted and urging him to at least bring a petition in federal court. The Court can see how the letter's explanations could have been

misunderstood by Petitioner to mean that he need not spend any more time litigating his claims in state court. And Petitioner has submitted the requisite evidentiary support for his reasonable confusion: the letter itself.

Between the lack of time remaining for Petitioner to return to federal court once his state-court petition has been ruled upon and his reasonable confusion regarding exhaustion, good cause exists for a stay.

### 2. Potentially Meritorious Claims

A stay may be granted only when the unexhausted claims are "potentially meritorious" and not "plainly meritless." *Rhines*, 544 U.S. at 277-78. Petitioner argues that this means that he needs to have raised a "colorable federal claim." He asserts the claims in his Third Amended Petition have potential legal merit and are not plainly meritless because they each fit a cause of action under the Federal Constitution based on the record.

Meanwhile, the State suggests this prong is not necessarily about the claims' substance but regards how they would be presented and treated procedurally by the state courts. The State contends that Petitioner's claims are not "potentially meritorious" because the state courts would conclude that state time limits and procedural bars would prevent relief on them.

The state courts may side with the State or not. "But it is the state court, not the federal district court, that should determine the procedural posture of a claim." *Lafferty v. Crowther*, 2015 U.S. Dist. LEXIS 154113, at *13 (D. Utah October 30, 2015). The present availability of a state remedy "'is a question of state law as to which only the state courts may speak with final authority.'" *Id*. (quoting *Simpson v. Camper*, 927 F.2d 392, 393 (8th Cir. 1991)). This Court must be circumspect about deciding, "'based upon a speculative analysis of what a state court might

do, that a particular claim is procedurally foreclosed.'" *Id*. at *13-14 (quoting *Pike v. Guarino*, 492 F.3d 61, 74 (1st Cir. 2007)). "'If the state court resolves the unexhausted claim on a procedural ground, such as a procedural bar under state law, [then] the federal court will review that disposition, applying the standard of review that is appropriate under the circumstances.'" *Id*. at *14 (quoting *Fairchild*, 579 F.3d at 1153).

Having carefully reviewed the Third Amended Petition, the Court concludes that the claims at issue here state causes of action under the Federal Constitution and are therefore not plainly meritless.[1] Thus, "[f]ederalism and comity require that [the state courts] have the opportunity to" resolve these claims on procedural grounds or not.

### 3. Use of Abusive or Dilatory Litigation Tactics

"[I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 544 U.S. at 278. This is because, "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by . . . timeliness concerns." *Id.* at 277. Of course, "a mixed petition should not be stayed indefinitely." *Id.* And the Court needs to assure itself that Petitioner is wasting no time in moving toward the state exhaustion that will allow the Court to resolve the claims in his petition here. *Id.*

Two factors here allay any such concerns: (1) This is not a capital case. *See id.* at 277-78. ("In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). And, (2) Petitioner has already filed an application in state court for postconviction relief regarding the unexhausted claims at

---

[1] In making that statement, the Court does not in any way suggest how it would rule on the substance of any of Petitioner's claims.

issue in this case. *See Patterson v. State*, No. 160701113 (Utah D. Ct. Oct. 28, 2016) (filing date).

## CONCLUSION

All three factors support a *Rhines* stay.

**IT IS THEREFORE ORDERED** that:

(1) Respondent's Motion to Dismiss is **DENIED**. ([Docket No. 49](#)).

(2) Petitioner's Motion to Stay is **GRANTED** ([Docket No. 52](#).)

DATED this 7th day of March, 2018.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court